{¶ 15} I concur in judgment only, because I do not agree completely with the analysis provided by the majority opinion. I believe, however, that the facts the majority cited demonstrate that the court met the requisite standard. It is with the analysis the majority provides that I am in disagreement.
 {¶ 16} For example, I disagree with the majority in its analysis of the defendant during the twenty years he was incarcerated. The majority finds it "immaterial that Baker has not committed any rapes in the last 20 years." The majority bases its conclusion on the fact there are no young girls in jail. This argument clearly misunderstands the defense's argument. At the sexual predator hearing, the defense said on the record the following: "And one would think that again if he was incarcerated for over 20 years and he was a sexual predator, sexual animal, there would be some indication in his institutional file that he would offend sexually some way or another. It simply isn't there." It is obvious that the defense is referring to a sexuality not limited to young girls, and the majority unfairly misreads it.
 {¶ 17} On the other hand, the defense's argument is not persuasive, because the defense has not presented data on whether such offensive behavior in prison is a reliable predictor of a future sexual predator and, more importantly, whether the absence of such offenses is also a reliable predictor of the opposite. Pointing out there are no three-and-one-half or five-year-old girls for defendant to rape in jail, however, as the majority notes, does not respond to the argument the defense articulated. And this comment glosses over the need for useful data about defendant's conduct during the last twenty years.
 {¶ 18} The only evidence we have of defendant in those twenty years comes from the institutional report, which I must read literally. Defendant's Exhibit A. That report has a section described as "Program participation." This section asks, "What programs were recommended." The answer provided is "none noted in file." To the question "What programs were completed by the inmate?" the answer given is "vocational welding" completed. The report does not mention any sexual abuse program. Whereas it is quite important that defendant develop vocational skills and he has done just that, there is also a need to show some reform regarding the sexual abuse for which he was incarcerated. That need is proportional to the extent of his abusive behavior. In this case, there was a pattern of abuse. The assault of a woman when defendant was 18, coupled with the rape of two extremely young girls when he was 38, in addition to a continued pattern of either assault or carrying or using a weapon, taken together, establishes clear and convincing evidence that defendant is likely to reoffend sexually. The failure of defendant, for the last twenty years, to participate in any programs regarding sexual abuse suggests that likelihood has not been reduced.
 {¶ 19} The defense quite properly notes that defendant's current age is 58 and, again, the majority obfuscates the point by countering that he was 38 at the time of the rapes. Again, the majority totally ignores the argument of the defense. In the trial court, defense counsel argued as follows: "He doesn't have a parole date for awhile [sic] so certainly his age is a factor that says that he is not the kind of person who is going to reoffend again.
 {¶ 20} "In fact, all of the relevant signs including the Hanson and Busier studies say that only individuals under 25 are at a high risk to reoffend in the future. The fact that this man will certainly be well into his 60s [sic] at least before he's released indicates that he's not a risk to reoffend in the future." Tr. 21-22.
 {¶ 21} Defendant's current age here is a factor that generally favors the defense; however, the broader reach of defendant's argument is limited, absent more information about the reports defense counsel points to.
 {¶ 22} What was needed here was more information about the validity of and more details from the studies defense counsel cites, as well as institutional information about what child abuse programs were available to and rejected by defendant in prison. Finally, missing is a discussion of whether a reviewing court should consider the defendant's likely age at the date of the projected parole hearing.